IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN RYAN MINOR, #275 638, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-854-MHT |
| ) | |
| AARON HARDY, ) | |
| ) | |
| Defendant. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate, filed this 42 U.S.C. § 1983 action on October 28, 2016. Plaintiff did not submit the $350 filing fee or $50 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. Doc. 2. In support of this request, Plaintiff provided financial information necessary to determine the average monthly balance in his inmate account for the six-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by Plaintiff and pursuant to the provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Plaintiff owed an initial partial filing fee of $16.17. Doc. 6 at 1–2. The court therefore ordered that Plaintiff pay the initial partial filing fee on or before January 30, 2017. Doc. 6 at 2. In addition, this order specifically informed Plaintiff "that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee." Doc. 6 at 2. The order also "advised [Plaintiff] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." Doc. 6 at 3. Moreover, the court

specifically cautioned Plaintiff that failure to pay the requisite fee within the time allowed by the court would result in a recommendation "that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." Doc. 6 at 3.

Plaintiff has failed to pay the initial partial filing fee within the time allowed by the court. The court, therefore, concludes that this case is due to be dismissed. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned); *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply). The court has considered whether a measure less drastic that dismissal is appropriate but concludes that Plaintiff's failure to pay even the miniscule fee ordered by the court indicates a complete abandonment of his claims such that any attempt to bring him in compliance with the court's orders will be ineffectual.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for failure of Plaintiff to pay the initial partial filing fee under 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

It is further ORDERED that **on or before March 30, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on

appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE on this 16th day of March, 2017.

                                     /s/ Gray M. Borden
                                      UNITED STATES MAGISTRATE JUDGE